UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JACKIE McKUBBIN | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 13-11364-JGD |
| JEFFREY GRONDOLSKY, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF DECISION AND ORDER ON
MOTION TO DISMISS PETITION FOR A
<u>WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241</u>**

March 25, 2014

DEIN, U.S.M.J.

## I. INTRODUCTION

On January 4, 1995, the petitioner, Jackie McKubbin, was one of twenty defendants indicted in the United States District Court for the Western District of North Carolina for controlled substances and firearms violations. (<u>United States v. Hall, et al</u>, No. 3:95cr5-03).[1] He entered into a plea agreement and pleaded guilty on March 13, 1995 to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and to having transferred a firearm with the intent that it be used to commit a drug trafficking offense, in violation of

---

[1] A copy of the Docket (hereinafter "WDNC Docket") is attached to the "Government's Opposition to Petitioner's Motion for Sentence Reduction and Government's Motion to Dismiss for Lack of Jurisdiction" (Docket No. 18) ("Gov't Mem.") as Exhibit 1.

18 U.S.C. §§ 924(h) and 924(a)(3) (Count 19). (WDNC Docket Nos. 111, 135). On September 29, 1995, he was given a mandatory life sentence on Count 1, and a 10 year concurrent sentence on Count 19. (WDNC Docket No. 272, 797 at 2). On August 27, 2009, his life sentence was reduced to 360 months due to a retroactive crack cocaine amendment to the Sentencing Guidelines. (WDNC Docket No. 827). The 10 year concurrent sentence remained unchanged. (Id.). McKubbin is presently serving this sentence at Federal Medical Center ("FMC") Devens in Massachusetts.

This matter is presently before the court on McKubbin's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Docket Nos. 1, 11), and the government's Motion to Dismiss the Petition (Docket No. 18). In his Petition, McKubbin alleges that he was improperly classified as a career offender, since one of the predicate convictions on which that classification was based has been dismissed. McKubbin has asked this court to resentence him. In addition, McKubbin argues that his claim is properly brought pursuant to 28 U.S.C. § 2241 because § 2255 "is inadequate or ineffective." (Docket No. 11). The government opposes the Petition, contends that the claim raised is appropriately brought before the sentencing court under 28 U.S.C. § 2255, and has moved to dismiss the § 2241 Petition on the grounds that this court "lacks jurisdiction over this legally barred petition for habeas corpus[.]" (Gov't Mem. at 1).

As detailed herein, McKubbin has unsuccessfully raised the same claim on a number of occasions before the United States District Court for the Western District of North Carolina, as well as before the Fourth Circuit. In addition, he has brought the same

claim in a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Alabama, Eastern Division, while he was incarcerated at the Federal Correctional Institution at Talladega, Alabama. (McKubbin v. Warden John Rathman, Docket No. 10-cv-01207-RBP-RRA). The Alabama court concluded that the claim could not be brought under § 2241 and it was dismissed. (Id. at Docket Nos. 17, 22).

For the reasons detailed herein, this court also concludes that the claim that McKubbin was improperly sentenced as a career offender must be presented to the sentencing court. Moreover, based on the record before this court, it appears that McKubbin's sentence is within the guideline range, even if he is not considered a career offender. There is no evidence of a miscarriage of justice or any other basis for this court to interfere with the sentencing calculations done by the sentencing court.[2] Since this court lacks jurisdiction to revise his sentence, the Respondent's Motion to Dismiss (Docket No. 18) is ALLOWED, and the Petition is dismissed without prejudice.

---

[2] McKubbin argues that he should be classified as an offense level 37, Category II, which would have a guideline range of 235-293 months. (Docket No. 1 at 8, 10). He has served approximately 225 months. (Id.). However, the North Carolina court has recently determined that even if McKubbin obtained all the credits he was claiming, he would be classified as an offense level 39. (See WDNC 897). Accepting McKubbin's argument that he should be sentenced as a criminal history Category II because he is not a career offender, the guideline range is 292-365 months. Therefore, his sentence of 360 months is within the guideline range.

## II. STATEMENT OF FACTS

This recitation of facts is limited to those that are relevant to the Petition and Motion to Dismiss pending before this court.

As detailed above, McKubbin pleaded guilty to drug and firearm charges, and was sentenced as a career offender on September 8, 1995 to life imprisonment, with a 10 year concurrent sentence on the firearm charge. In connection with the sentencing, and in accordance with his plea agreement, the North Carolina court calculated that McKubbin's total adjusted offense level was 43.[3] The court also concluded that he was a career offender, as a result of which his criminal history category was VI. (See 4/8/09 Order (WDNC Docket No. 797) at 2; U.S. Sentencing Guidelines Manual § 4B1.1(b)(a) (career offender's criminal history category is Category VI)). His career offender status was based on his prior conviction for a controlled substance offense and for an assault on a female. (See WDNC Docket No. 834 at 2). This latter conviction was dismissed by the North Carolina District Attorney's Office in July 2008, and this dismissal forms the basis of McKubbin's present § 2241 Petition. (See Docket No. 1). At the time of sentencing,

---

[3] McKubbin's criminal offense level was calculated as follows:

| | | |
|---|---|---|
| | Base Offense Level | 38 |
| | Firearm | +2 |
| | Supervisory Role | +2 |
| | Offense Near School | +2 |
| | Failure to Report | +2 |
| | | 46 |
| | Acceptance of Responsibility | -3 |
| | | 43 |

(See WDNC Docket No. 834 at 2-3).

however, McKubbin's status as a career offender was irrelevant to his offense level, since the offense level for a career offender was less than his offense level of 43. (See WDNC Docket No. 834 at 2 (quoting PSR)). Further, his category level did not affect the length of his sentence.

McKubbin did not appeal his original conviction or sentence. Rather, on April 10, 1996, he filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255, and began what the North Carolina District Court has described as "his assiduous pursuit of collateral relief[.]" (See WDNC Docket No. 797 at 2). While the details of this lengthy history need not be repeated here, it is significant that the issue whether McKubbin was improperly characterized as a career offender following the dismissal of the assault on a female charge in July 2008 was raised before the North Carolina District Court and the Fourth Circuit.

Specifically, on January 26, 2009, McKubbin filed a successive petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 with the North Carolina District Court. (See WDNC Docket Nos. 795, 797).[4] Therein, he contended that he was "entitled to be re-sentenced because a 1986 conviction for assault-on-a-female which he reportedly sustained under the alias 'William Charles Gilchrist' (in the Superior Court of Mecklenburg County) recently was vacated." (WDNC Docket No. 797 at 4). The District Court ruled that, "notwithstanding his strong belief in its potential merit[,]"

---

[4] McKubbin had filed several previous § 2255 petitions based on other grounds.

McKubbin was "not entitled to proceed on this successive motion" since he had not obtained authorization from the Court of Appeals, as required by 28 U.S.C. § 2244(b)(3)(A). (Id.). Therefore, on April 8, 2009, the "successive, unauthorized Motion to Vacate" was dismissed without prejudice. (Id. at 5).

Several months later, on August 27, 2009, the North Carolina District Court reduced McKubbin's life sentence to a sentence of 360 months based on amendment 706 to the Sentencing Guidelines relating to crack cocaine, which reduced his offense level from 43 to 41, but maintained his criminal history category at VI. (WDNC Docket No. 827).[5] At this time, McKubbin's status as a career offender remained irrelevant, since with an offense level of 41, the guideline range was 360 months to life, regardless whether McKubbin was classified as Category II or VI.

McKubbin filed a motion to reconsider the reduction in his sentence, asking that the court exercise its discretion and reduce his sentence further pursuant to 18 U.S.C. § 3582(c)(2) due to disparity in the guidelines between powder cocaine and crack cocaine. (WDNC Docket No. 834).[6] In his motion, McKubbin noted that he should not be considered a career offender, since his conviction for assault on a female had been dismissed, but noted further that he "will save that argument for another day[.]" (Id. at

---

[5] See WDNC Docket No. 863 at 9 of 16 explaining the basis of the reduction (the defendant has been given "a two level crack reduction under retroactive amendment 706").

[6] 18 U.S.C. § 3582(c)(2) permits, but does not require, a court to reduce a sentence "of a defendant who had been sentenced to a term of imprisonment, based upon a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"

5). His motion for reconsideration was denied by the District Court on October 8, 2009. (WDNC Docket No. 835). Subsequent efforts to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2) were also denied, with the North Carolina District Court noting that McKubbin's offense level had been reduced to 41, that his sentence had been reduced to 360 months, and that the reduced sentence was within the amended guideline range. (See, e.g., Order of 3/23/10 (WDNC Docket No. 844)). Following its review of the record, the Fourth Circuit found "no abuse of discretion and no reversible error" in the District Court's refusal to further reduce McKubbin's sentence. (6/15/10 Unpub. Op. (WDNC Docket No. 854) at 2; see also 10/8/10 Unpub. Op. (WDNC Docket No. 857) at 2).

In August 2011, McKubbin sought leave from the Fourth Circuit to pursue a successive petition under 28 U.S.C. § 2255 challenging his status as a career offender based on the dismissal of his state law conviction for assault on a female. (WDNC Docket No. 863). Therein, he argued that he was "actually innocent of being a career criminal" and therefore should be able to proceed with a § 2255 Petition. (Id. at 9 of 16). He raised the issue again on November 14, 2011 in a "Motion for Reduction of Defendant's Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in Light of Amendment 750." (WDNC Docket No. 869). Amendment 750 to the Sentencing Guidelines, which became effective on November 1, 2011, lowered the sentencing range for crack cocaine.[7] Thus,

---

[7] The Sentencing Commission also issued Amendment 759, which made the changes to the crack cocaine sentencing guidelines in Amendment 750 retroactive. Both Amendments became

McKubbin argued that applying the Amendment would reduce his offense level to 39, and his criminal history to Category II, for a guideline range of 292-365 months. (Id. at 4 of 7).

McKubbin renewed and expanded upon his argument on February 3, 2012 in a Petition to Amend his "Previously Filed Motion Under 18 U.S.C. § 3582(c)(2) for a Sentence Reduction Pursuant to Amendment 750." (WDNC Docket No. 885). Significantly, therein McKubbin recognized that prior to Amendment 750, the applicable guideline range of 360 months to life would not have changed even with his assault on a female conviction having been vacated: with a criminal history level of 41, the guideline range was 360 months to life regardless of whether he was classified as Category II or VI. (Id. at 5 of 17). Instead, he argued that it was not until November 1, 2011, when Amendment 750 to the Sentencing Guidelines became retroactive, that his case had become "ripe for review here and at habeas." (Id.). That was because, with Amendment 750, his sentence should have been reduced to an offense level 39 which, combined with a criminal history category of II, would reduce his guideline range to 292-365 months. (Id. at 10 of 17). He repeated these arguments in his filing on April 13, 2012 of his "Third Petition to Amend his Previously Filed Motion under 18 U.S.C. § 3582(c)(2) for Sentence Reduction Pursuant to Amendment 750 of the United States Sentencing Guidelines" (WDNC Docket No. 893), wherein he requested that the court "reduce his

---

effective on November 1, 2011.

term of imprisonment to 292 months, the exact low end of McKubbin's newly applicable guideline sentencing range[.]" (Id. at 16 of 26). On May 8, 2012, the North Carolina District Court issued an order recognizing that if Amendment 750 affected McKubbin's offense level, it would be reduced from 41 to 39. (WDNC Docket No. 897). Nevertheless, the North Carolina Court continued to consider McKubbin as a career offender under Category VI, resulting in a guideline range of 360 months to life. Therefore, the court ruled that "[t]he application of Amendment 750 provides no change in the guideline range/sentence in this case." (Id.). McKubbin's motion to reduce his sentence was denied.

McKubbin continued to appeal to the Fourth Circuit and to seek leave to pursue his claim under § 2255 that his sentence should be reduced to an offense level of 39 with a criminal history category of II. (See, e.g., WDNC Docket No. 899, 919 at 12 of 47). In an unpublished opinion dated October 2, 2012, the Fourth Circuit reviewed the District Court's orders denying McKubbin's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c) and his motion for reconsideration, and found no abuse of discretion. (WDNC Docket No. 924). In an unpublished opinion dated December 18, 2012, the Fourth Circuit found no grounds for McKubbin to appeal from the District Court's dismissal of his successive 28 U.S.C. § 2255 Petition, and refused to issue a certificate of appealability. (WDNC Docket No. 927). In so ruling the Court found that McKubbin had not made "a substantial showing of the denial of a constitutional right" or that "reasonable jurists would find that the district court's assessment of the constitutional

claims is debatable or wrong" or, to the extent that the District Court denied relief on procedural grounds, "that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right." (<u>Id.</u> at 2). Finally, on February 22, 2013, the Fourth Circuit issued an order denying McKubbin's latest motion "for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255." (WDNC Docket No. 929).

In addition to pursuing his claim in North Carolina, on May 7, 2010, McKubbin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Alabama, Eastern Division, where he was then incarcerated. (<u>McKubbin v. Warden John Rathman</u>, 10-cv-1207-RBP-RRA). In a report and recommendation dated November 16, 2011, the Magistrate Judge recommended that the petition be dismissed as it had to be brought under 28 U.S.C. § 2255, and did not fit within the "savings clause" of § 2255(e) that allows a federal prisoner to file a habeas petition pursuant to § 2241 when the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). (Alabama Docket No. 17). Therefore, McKubbin's § 2241 petition filed in Alabama was ordered dismissed on January 19, 2012. (Alabama Docket No. 2).

McKubbin filed his § 2241 Petition with this court on June 6, 2013. As noted above, he seeks to be resentenced due to the fact that he is not a career offender. However, he now contends that he is entitled to another two point credit under Amendment 706, for an offense level of 37. (Docket No. 1 at 10 of 25). Level 37 with a criminal

history of Category II results in a guideline range of 235-293 months. (Id.). McKubbin has not explained why his offense level would now be 37, and not 39 as he consistently argued to the North Carolina courts.[8]

The parties have consented to having this matter finally decided by a Magistrate Judge under 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure. For the reasons detailed herein, this court concludes that McKubbin's Petition must be dismissed.

Additional facts will be provided below where appropriate.

### III.  ANALYSIS

#### A.  Use of a § 2241 Petition to Recalculate a Sentence

"Under 28 U.S.C. § 2255, a defendant may seek post-conviction relief from his sentence in four instances: '(1) if the sentence was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack.'" United States v. Duval, 957 F. Supp. 2d 100, 105-06 (D. Mass. 2013) (quoting David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (additional citations omitted)). As the parties agree, a collateral challenge to the length of the sentence is traditionally raised in a habeas petition brought before the sentencing court pursuant to 28 U.S.C. § 2255. See Raimondoray v. Grondolsky, Civ. A. No. 11-12268-GAO, 2012 WL 3202892, *4 at n.9 (D. Mass. Aug. 2,

---

[8]  It appears that McKubbin already received the 2 level reduction under Amendment 706 in order to reduce his offense level to 41.  See note 5, supra.

2012) ("To the extent that [the defendant] challenges the legality of his sentence, *i.e.* that he received an improper sentence enhancement. . . , such challenge must be brought in the sentencing jurisdiction. See 28 U.S.C. § 2255; United States v. Barrett, 178 F.3d 34, 51 (1st Cir. 1999); Gonzalez v. United States, 150 F. Supp. 2d 236, 241 (D. Mass. 2001) (citing Jiminian v. Nash, 245 F.3d 144, 147–48 (2d Cir. 2001))." This includes a challenge to a federal sentence on the basis that a state court has vacated a conviction used to enhance a federal sentence. See Mateo v. United States, 398 F.3d 126, 133-34 & n.6 (1st Cir. 2005) (citing United States v. Pettiford, 101 F.3d 199 (1st Cir. 1996) (additional citations omitted)). See also Custis v. United States, 511 U.S. 485, 497, 114 S. Ct. 1732, 1739, 128 L. Ed. 2d 517 (1994) (the appropriate collateral challenge to an enhanced sentence is for a prisoner to attack the state sentence and "then apply for reopening of any federal sentence enhanced by the state sentences."). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner must obtain permission from a court of appeals to proceed with a second or successive habeas petition under § 2255. See Pratt v. United States, 129 F.3d 54, 56 (1st Cir. 1997) (citing 28 U.S.C. § 2244(b)(3)(A), as incorporated in 28 U.S.C. § 2255). Thus, McKubbin properly raised the issue of the effect of the dismissal of his state court action on his federal sentence in his § 2255 petitions filed with the Fourth Circuit and North Carolina District Court. This court does not have jurisdiction to hear a petition under § 2255 regarding a sentence imposed in a different district. United States v. Barrett, 178 F.3d at 50 n.10 (a petition under § 2255 must be brought in the sentencing court).

McKubbin seeks to circumvent this conclusion by invoking the savings clause in § 2255 and filing a petition under 28 U.S.C. § 2241, which is properly brought in the district court with jurisdiction over the prisoner in confinement. See id. Thus, the savings clause under § 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears <u>that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u>

28 U.S.C. § 2255(e) (emphasis added). Despite McKubbin's arguments to the contrary, this court finds that he has not established that the § 2255 procedures available to him in the sentencing district are "inadequate or ineffective to test the legality of his detention."

### B. The Savings Clause of § 2255 Does Not Apply

"A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture." United States v. Barrett, 178 F.3d at 50. Rather, recourse to the savings clause has only been permitted in "rare and exceptional circumstances, such as those in which strict adherence to AEDPA's gatekeeping provisions would result in a 'complete miscarriage of justice[.]'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d

Cir. 1997)). "The Supreme Court has defined the term 'miscarriage of justice' as encompassing only those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" Id. (quoting McCleskey v. Zant, 499 U.S. 467, 494, 111 S. Ct. 1454, 1470, 113 L. Ed. 2d 517 (1991)). McKubbin argues that he is "innocent" of the state court crime which formed the predicate of the career offender calculation. That argument, however, does not establish that he is entitled to the extraordinary relief he is seeking here.

It has been said that "[a]ctual innocence of the offense may be shown to satisfy the fundamental miscarriage of justice standard." United States v. Duval, 957 F. Supp. 2d at 113 (addressing whether there has been a miscarriage of justice excusing procedural default where, due to intervening law, predicate offense for armed career offender status is no longer considered a violent felony). There is a split of authority, however, as to whether the petitioner must be actually innocent of the crime for which he has been sentenced, or if being factually innocent of a predicate crime which forms the basis of an enhanced sentence is sufficient to warrant collateral relief. Id. at 113-14, and cases cited.[9] There is no need to wade into that morass in the instant case, however, since

---

[9] In dismissing McKubbin's § 2241 petition, the Alabama court relied on Gilbert v. United States, 640 F.3d 1293, 1320 (11th Cir. 2011) (en banc), and rejected McKubbin's claim that he was innocent of being a career offender. Rather, the court ruled that since he was not innocent of the crime for which he had been sentenced, and his sentence did not exceed the statutory maximum, he could not proceed under § 2241. (Alabama Docket No. 17 at 6-7).

based on the factual record presented here, there is no risk of a miscarriage of justice warranting the extraordinary relief McKubbin is seeking.

The North Carolina District Court and the Fourth Circuit have been presented with the same arguments that McKubbin has brought to this court. The "essential function of habeas corpus" is to give "'a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" United States v. Barrett, 178 F.3d at 51 (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)). McKubbin has had the opportunity to have the sentencing court address the change in circumstances resulting from the dismissal of the state law charges. Therefore, "allowing him to seek habeas corpus is not needed to give him a reasonable opportunity to obtain a reliable judicial determination" regarding the legality of his sentence. 147 F.3d at 609.

Moreover, under the guideline analysis that McKubbin presented to the sentencing courts, his sentence of 360 months falls squarely within the guideline range even assuming that he is not a career offender. Thus, the guideline range under offense level 39, Category II, is 292-365 months. His sentence of 360 months, which is within the guideline range, does not rise to the level of a miscarriage of justice. See Knight v. United States, 37 F.3d 769, 773 (1st Cir. 1994) (even if court improperly added three points to defendant's criminal history score, no miscarriage of justice where eventual sentence and fine received were within range, even absent the three points).

The fact that the denial of McKubbin's § 2241 petition will not result in a miscarriage of justice is buttressed by (but not dependent on) the fact that McKubbin has not even established that his sentence was "enhanced" as a result of his career offender status. According to the sentencing court, McKubbin's appropriate offense level is 41, and he is not entitled to a 2 level reduction pursuant to Amendment 750. (See WDNC Docket No. 897). With an offense level of 41, it does not matter if McKubbin is considered a Category II or VI offender. This is not a situation where McKubbin's "sentence was enhanced without a valid 'factual basis,' yet he remains incarcerated pursuant to that sentence." Goldman v. Winn, 565 F. Supp. 2d 200, 210 (D. Mass. 2008) (quoting Dretke v. Haley, 541 U.S. 386, 397, 124 S. Ct. 1847, 1854, 158 L. Ed. 2d 659 (2004) (Stevens, J., dissenting on other grounds)). Therefore, failing to adjust McKubbin's sentence does not raise the specter of a miscarriage of justice.

Finally, where, as here, a prisoner's sentence is not "beyond the statutory maximum for the crimes of conviction[,]" "the nature of the petitioner's claim of error is incompatible with engagement of the savings clause." Trenkler v. United States, 536 F.3d at 99. Thus, McKubbin cannot proceed with the challenge to his sentence under 28 U.S.C. § 2241.

### C. **Appropriate Remedy**

For the reasons detailed above, McKubbin's petition does not qualify under the savings clause of § 2255 so as to allow him to proceed under § 2241. Since this court does not have jurisdiction over any § 2255 petition from McKubbin, this court must

either dismiss it or transfer it to the appropriate court of appeals, i.e., the Fourth Circuit. See Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) ("a district court, faced with an unapproved second or successive habeas petition, must either dismiss it, or transfer it to the appropriate court of appeals" (internal citations omitted)). McKubbin has not requested that this matter be transferred to the Fourth Circuit, and there is no basis for this court to do so. The Fourth Circuit has already rejected his argument that the dismissal of his state conviction requires an adjustment of his sentence. Therefore, there is no reason to transfer this action.

## IV. **CONCLUSION**

For all the reasons detailed herein, McKubbin has not stated a claim pursuant to 28 U.S.C. § 2241, but rather must proceed under 18 U.S.C. § 2255. Since this court does not have jurisdiction over a § 2255 Petition by McKubbin, the Government's motion to dismiss is ALLOWED, and McKubbin's § 2241 Petition is DENIED.

      / s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge